IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARRIE LYNN URBAN,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>  )<br>Defendant  )<br>  ) | Civil Action No. 23-819 |

O R D E R

AND NOW, this 18th day of July, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that substantial evidence does not support the Administrative Law Judge's ("ALJ") non-disability determination. (Doc. No. 12). Specifically, Plaintiff argues that the ALJ's determination of her residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ improperly evaluated the opinion of Plaintiff's treating provider, Dr. Timothy Lesaca, M.D. (*Id.*). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

The ALJ concluded Plaintiff was not disabled after considering all record evidence, including all medical opinions of record. Among these opinions was that of Dr. Lesaca, Plaintiff's treating provider. (Ex. 14F). Dr. Lesaca opined that Plaintiff had extreme limitations in every area of mental functioning and wrote that Plaintiff "has 100% total and permanent psychiatric disability." (*Id.*). Dr. Lesaca also stated that his opinion was supported by his mental status examination on May 12, 2022. (*Id.*). The ALJ found this opinion unpersuasive, stating:

> [t]he undersigned finds the opinion of Dr. Lesaca unpersuasive. He opines that the claimant has extreme limitation in every mental function. He supports this opinion by citing the claimant's mental status examination from May 12, 2022 (Exhibit 14F). However, that examination shows good reasoning and judgment, as well as normal memory, which would not support extreme limitation (Exhibit 13F/10). Further, extreme mental limitation is not consistent with her lack of psychiatric hospitalization. Therefore, this opinion is not persuasive.

(R. 34-35).

Plaintiff argues the ALJ incorrectly analyzed Dr. Lesaca's opinion. (Doc. No. 12). Specifically, she contends the ALJ should have found this opinion persuasive as it was consistent with the record, as other doctors, specifically Drs. Joseph Richetti, M.D., and Amanda Slowik, Psy.D., indicated that Plaintiff's mental impairments severely impacted her ability to function. (*Id.* at 10). Additionally, Plaintiff argues that Dr. Lesaca's opinion was not necessarily contradicted by other evidence within the record that was observed within a controlled setting. (*Id.* at 9). Plaintiff also relies on *Pepper v. Saul*, No. 18-1170, 2019 WL 4167281 (W.D. Pa. 2023) to argue that the ALJ's reasoning was inadequate. (*Id.* at 7). Further, Plaintiff posits that the ALJ provided no medical evidence or other support to explain why psychiatric hospitalization was necessary to show extreme limitations in this case. (*Id.* at 9).

The Court finds no merit in Plaintiff's argument that the ALJ should have found this opinion persuasive. The record shows that the ALJ thoroughly evaluated the opinion and reasonably concluded that it was not persuasive. (R. 34-35). Substantial evidence supports the ALJ's conclusion that Dr. Lesaca's opinion was not supported by his examination, as Dr. Lesaca's May 12, 2022 mental status examination showed Plaintiff had a linear thought process, normal memory, and good reasoning and judgment, among other findings. (Ex. 13F/10). Plaintiff points to no evidence within Dr. Lesaca's exam that contradicts this supportability finding. Further, as to consistency, the ALJ reasonably found this opinion was not consistent with the wider record, showing lack of psychiatric hospitalization. (R. 35). Plaintiff's argument that the opinions of Drs. Richetti and Slowik undermine this finding is unconvincing as the ALJ reasonably found both opinions to be unpersuasive. (R. 34)

Further, the Court is not persuaded by Plaintiff's argument that Dr. Lesaca's opinion was not necessarily contradicted by evidence that was observed within a controlled setting. (Doc. No. 12 at 9 (citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 356 (3d Cir. 2008)). Plaintiff overlooks that an ALJ can, and in fact must, consider objective medical evidence such as clinical findings and mental status reports in making his or her determinations. *See* 20 C.F.R. 404.1529(c)(2) and 416.929(c)(2); SSR 16-3p, 2016 WL 1119029, at *4-5 (Mar. 16, 2016). This includes considering the supportability between a treating source's examination and his own opined limitations. *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 802-3 (3d Cir. 2019). Therefore, there was nothing inherently wrong with the ALJ citing to Dr. Lesaca's mental status examination in finding that this did not support his opined limitations.

Additionally, the Court finds Plaintiff's reliance on *Pepper v. Saul* is misplaced. In *Pepper*, the court stated that "[g]enerally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source." No. 18-1170, 2019 WL 4167281, at *3 (W.D. Pa. 2019) (citing 20 C.F.R. § 416.927(c)(1)). The ALJ's citation is noteworthy here as it references the regulations for evaluating opinion evidence for claims filed before March 27, 2017. This regulation is inapplicable to Plaintiff's claims as she filed her applications on March 3, 2021. (R. 28). The regulations applicable to Plaintiff's claims have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) and *id.* § 416.927(c)(2) (same) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases) and *id.* § 416.920c(a) (same). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. Here, as shown above, the ALJ properly analyzed the consistency and supportability of Dr. Lesaca's opinion. Accordingly, Plaintiff's argument on this point fails.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

                        s/Alan N. Bloch
                        United States District Judge

ecf:        Counsel of record

---

Lastly, the Court disagrees with Plaintiff's argument that the ALJ was obligated to explain and support his purported finding that psychiatric hospitalization was necessary to show that Plaintiff had extreme limitations. The Court notes that the ALJ here did ***not*** state that evidence of hospitalization is equivalent to disability or that lack of hospitalization is definitive evidence of non-disability. Rather, the ALJ stated merely that Dr. Lesaca's opined "extreme mental limitation is not consistent with [Plaintiff's] lack of psychiatric hospitalization." (R. 35). Consideration of a claimant's treatment history, including the level of treatment received, was a valid reason to discount Dr. Lesaca's opinion. *See Foor v. Berryhill*, No. 18-64, 2019 WL 1296882, at *4 (W.D. Pa. Mar. 21, 2019) (noting lack of inpatient psychiatric hospitalization is an "appropriate bas[i]s" for discounting a treating provider's opinion that a claimant is subject to extreme limitations). Accordingly, Plaintiff's argument on this point is without merit.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.